UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

TREVIS C. JOHNSON, # 246092,        )
                                    )
        Petitioner,                 )   Case No. 1:15-cv-979
                                    )
v.                                  )   Honorable Paul L. Maloney
                                    )
T. MACKIE,                          )   **MEMORANDUM OPINION**
                                    )
        Respondent.                 )
_____)

This is a habeas corpus proceeding brought *pro se* by a state prisoner pursuant to 28 U.S.C. § 2254. On May 15, 2012, petitioner pleaded no contest in Muskegon County Circuit Court to first-degree home invasion, domestic violence (third offense), assault and battery upon Vanessa Wallace, and assault and battery upon Lauretta Steward. He pleaded guilty to being an habitual offender, fourth felony offense. As an habitual offender, petitioner had faced a sentence of up to life imprisonment on his first-degree home invasion conviction. Under a *Cobbs* [1]agreement regarding his first-degree home invasion conviction, however, petitioner was assured that his minimum sentence on that conviction would be ten years' imprisonment and his maximum sentence would be 25 years' imprisonment. On June 26, 2012, petitioner was sentenced in accordance with the *Cobbs* agreement on his first degree home invasion conviction. Further, petitioner was sentenced to three to fifteen years' imprisonment on his domestic violence conviction. Petitioner received jail sentences of less than a

---

[1]*People v. Cobbs*, 505 N.W.2d 208, 212-13 (Mich. 1993).

year, with credit for time served, on his misdemeanor assault and battery convictions.

After unsuccessful attempts to overturn his plea-based conviction and sentence in state court, petitioner filed this habeas corpus petition. Petitioner seeks federal habeas corpus relief on the following grounds:

> I. Petitioner was arrested without a warrant and was not read his *Miranda* rights.
>
> II. The Muskegon County Circuit Court lacked jurisdiction because petitioner did not have an arraignment hearing.
>
> III. Petitioner's November 30, 2011, waiver of a preliminary examination in district court was undermined by conflicts of interest.
>
> IV. Failure to provide petitioner with a fair trial within 180 days and denial of right to counsel of choice or self-representation.

(Amended Petition, ECF No. 8, PageID.89-92).

Respondent argues that the petition is barred by the statute of limitations and has filed a motion seeking dismissal of the petition with prejudice on that basis. (ECF No. 16). Petitioner has filed his response. (ECF No. 18). After review of the state-court record, the Court finds that the petition is barred by the statute of limitations. Respondent's motion will be granted and judgment will be entered dismissing the petition with prejudice.

## **Standard of Review**

The Court's review of this petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). AEDPA "dictates a highly deferential standard for evaluating state-court rulings which demands the state court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (citations omitted). "AEDPA requires heightened respect for state court factual and legal determinations." *Lundgren v. Mitchell*, 440 F.3d 754, 762 (6th Cir. 2006). "State-court factual findings [] are presumed correct; the petitioner has the burden of rebutting the presumption by clear and convincing evidence." *Davis v. Ayala*, 135 S. Ct. 2187, 2199-2200 (2015) (citations and internal quotations omitted).

If a state court adjudicated the claim, deferential AEDPA standards must be applied. 28 U.S.C. § 2254(d); *see Premo v. Moore*, 562 U.S. 115, 121 (2011); *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009); *Holder v. Palmer*, 588 F.3d 328, 341 (6th Cir. 2009) (("[A]ny claim that was adjudicated on the merits in State court proceedings' is subject to AEDPA deference.") (quoting 28 U.S.C. § 2254(d)). AEDPA prevents federal habeas "retrials" and ensures that state court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). It prohibits "using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Parker v. Matthews*, 132 S. Ct. 2148, 2149 (2012) (*per curiam*).

The AEDPA standard is difficult to meet "because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "Section 2254(d) reflects the that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error corrections through appeal." *Id.* at 102-03 (citation and internal quotation omitted); *see Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015). Section 2254(d) states that an application for a writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see White v. Wheeler*, 136 S. Ct. 456, 460 (2015); *Davis v. Ayala*, 135 S. Ct. at 2198; *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014).

The only definitive source of clearly established federal law for purposes of § 2254(d)(1) is the holdings—not dicta—of Supreme Court decisions. *White v. Woodall*, 134 S. Ct. at 1702; *see Woods v. Donald*, 135 S. Ct. at 1377 ("Because none of our cases confront 'the specific question presented by this case,' the state court's decision could not be 'contrary to' any holding from this Court."). "[W]here the precise contours of a right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *Id.* (quotations and internal citations omitted).

An unreasonable application of the Supreme Court's holding must be "'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." *White v. Woodall*, 134 S. Ct. at 1702 (quoting *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003)). Rather, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Woodall*, 134 S. Ct. at 1702 (quoting *Harrington v. Richter*, 562 U.S. at 103). "[C]ircuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,'" and "[i]t therefore cannot form the basis for habeas relief under AEDPA." *Hill v. Curtin*, 792 F.3d 670, 677 (6th Cir. 2015) (quoting *Parker v. Matthews*, 132 S. Ct. at 2155); *see Glebe v. Frost*, 135 S. Ct. 429, 431 (2014) (*per curiam*) ("As we have repeatedly emphasized, [] circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court.'").

"[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). Section 2254 (d)(2) requires that this Court accord the state trial court substantial deference. If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination. *Brumfield v. Cain*, 135 S. Ct. 2269, 2277 (2015); *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013).

## Findings of Fact

### A. District Court Proceedings

On November 16, 2011, petitioner was arraigned in district court by Judge Andrew Wierengo. (ECF No. 17-2). Judge Wierengo advised petitioner of the charges he faced; he appointed counsel for petitioner; and he set bond. (*Id.*).

On November 30, 2011, petitioner appeared before Judge Harold Closz and waived his preliminary examination. (ECF No. 17-3). Petitioner was represented by Attorney Ronald Pannucci. Petitioner was once again advised that he faced the charges of "home invasion and domestic violence third" and "two counts of assault and battery, misdemeanors." (*Id.* at PageID.180). Petitioner waived his preliminary examination. (*Id.*; *see also* ECF No. 1-1, PageID.16).

### B. Circuit Court Proceedings

On December 5, 2011, petitioner waived a circuit court arraignment. (ECF No. 17-1, PageID.165; *see also* ECF No. 1-1, PageID.15). On the morning of May 15, 2012, petitioner appeared in Muskegon County Circuit Court before Judge James Graves. (ECF No. 17-4). Petitioner was represented by Attorney Terry Nolan. Attorney Nolan noted that the video evidence supporting the criminal charges against petitioner was exceptionally strong. It showed petitioner committing the acts charged. Petitioner had the opportunity to review the video evidence before he entered his pleas. (*Id.* at PageID.184-85, 202-04).

The record shows that petitioner was receiving the benefit of a favorable ruling from the Court, which significantly reduced his sentencing guidelines range under the

*Cobbs* agreement. (*Id.* at PageID.187-88). As Attorney Nolan noted on the record, petitioner's belief that he could somehow secure a sentence of not more than a year in the county jail was utterly unrealistic. (*See id.* at PageID.188, 209-12). The court explained to petitioner that the fact one of his victims had not been charged with an assault was not a defense to the charges that petitioner faced. (*Id.* at PageID.196-97). Petitioner's subjective belief that the crimes he faced were too steep would not constitute a legal defense. (*Id.* at PageID.198-99). Petitioner's failure to take antidepressant medications was not a legal defense. (*Id.* at PageID.204-05). The court denied petitioner's attorney's motion to withdraw. Changing attorneys would not change the law. Petitioner's positions were based "on what he would want the law to be," not the law that existed. (*Id.*).

Petitioner returned to Judge Graves's courtroom at approximately 2:51 p.m. to enter his plea. (ECF No. 17-5, PageID.218). Once again, petitioner was advised of the criminal charges and the penalties that he faced, and that a supplemental information had been filed alleging that he was an habitual offender, fourth felony offense. (*Id.* at PageID. 218-24). Petitioner was placed under oath and pleaded no contest to first-degree home invasion, domestic violence (third offense), assault and battery upon Vanessa Wallace, and assault and battery upon Lauretta Steward. He pleaded guilty to being an habitual offender, fourth felony offense. Judge Graves noted that petitioner had faced a potential sentence of up to life imprisonment on his first-degree home invasion conviction. Under the *Cobbs* agreement, petitioner was assured that on that conviction his minimum sentence would be ten years' imprisonment and that his maximum

sentence would be 25 years' imprisonment. Judge Graves accepted petitioner's four pleas of no contest and his habitual offender guilty plea because they were "understanding, voluntary, and accurate." (*Id.* at PageID.224-36).

On June 11, 2012, Judge Graves denied petitioner's motion to withdraw his pleas. (ECF No. 17-1, PageID.167). Petitioner had entered his pleas on his scheduled trial date. Petitioner had knowingly and voluntarily waived his trial rights, pleaded no contest to four criminal charges and guilty to being an habitual offender, fourth felony offense. There was a more than adequate factual basis to support the pleas and find petitioner guilty on all charges. Petitioner's claims of ineffective assistance of counsel were patently meritless. Among other things, petitioner's attorney had convinced the judge that a reduction in petitioner's sentencing guideline score would be appropriate, reducing petitioner's minimum sentence from 23 or 24 years down to ten. (ECF No. 1-1, PageID.31-36).

Petitioner asked the court to appoint a new attorney for purposes of sentencing. The court granted petitioner's motion and allowed Attorney Nolan to withdraw. (ECF No. 1-1, PageID.36-39). The court appointed Attorney Paula Baker to represent petitioner. (ECF No. 17-7, PageID.256, 270).

On June 26, 2012, Judge Graves sentenced petitioner in accordance with the *Cobbs* agreement on the first-degree home invasion conviction. He sentenced petitioner to three to fifteen years' imprisonment on his domestic violence conviction. Petitioner received jail sentences of less than a year, with credit for time served, on the

misdemeanor assault and battery convictions. (ECF No. 17-7, PageID.277-80; Judgment of Sentence Commitment to Corrections Department, ECF No. 17-20, PageID.474-75).

## B. Subsequent Proceedings

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. He argued that the trial court had committed error in denying his motion to withdraw his plea and in its scoring of offense variables under Michigan's sentencing guidelines. (ECF No. 17-20, PageID.460). On November 27, 2012, the Michigan Court of Appeals denied petitioner's application for leave to appeal "for lack of merit in the grounds presented." (*Id.* at PageID.451). On January 9, 2013, petitioner sought leave to appeal to Michigan's Supreme Court,[2] which denied his application on April 29, 2013. (ECF No.17-21, PageID.502, 512).

On August 5, 2013, petitioner filed a motion for relief from judgment in Muskegon County Circuit Court. (ECF No. 16-3, PageID.154). On September 24, 2013, the court denied petitioner's motion. (ECF No. 16-3, PageID.154; ECF No. 17-17, PageID.448).

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. (ECF No. 17-22, PageID.641-53). On January 15, 2014, the Michigan Court of Appeals denied petitioner's application because he "failed to meet the burden

---

[2]On January 15, 2013, Judge William Marietti of the Muskegon County Circuit Court denied a second motion that petitioner had filed seeking leave to withdraw his plea. Judge Marietti noted that post-appeal relief was "only available under MCR 6.500 *et seq*" and found that petitioner had met the requirements for such relief. (ECF No. 17-22, PageID.655; *see also* ECF No. 17-1, PageID.169).

of establishing entitlement to relief under MCR 6.508(D)." (ECF No. 17-22, PageID.640).

On February 28, 2014, petitioner filed an application for leave to appeal in the Michigan Supreme Court.[3] (ECF No. 17-23, PageID.671). On September 29, 2014, Michigan's highest court denied petitioner's application for leave to appeal because petitioner "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." (ECF No. 17-23, PageID.670; *see also* ECF No. 16-4, PageID.159).

On September 24, 2015, petitioner filed his habeas corpus petition.[4] (ECF No. 1). On November 9, 2015, the Court ordered petitioner to file an amended petition on the required form. (ECF No. 7). On November 16, 2015, petitioner placed his amended petition in the prison's mailing system and his amended petition is deemed filed on that date under the mailbox rule.[5] (ECF No. 8, PageID.97).

---

[3]On March 3, 2014, while his application for leave to appeal was pending in the Michigan Supreme Court, petitioner filed a premature federal habeas corpus action. (*See Johnson v Muskegon County 14th Circuit Court*, 1:14-cv-352 (W.D. Mich.). On July 11, 2014, the habeas corpus petition was dismissed without prejudice for lack of prosecution. (ECF No. 18-1). On February 4, 2015, the Court determined that the judgment had not been mailed to petitioner and it entered an amended judgment once again dismissing the petition without prejudice for lack of prosecution. (ECF No. 18-1, PageID.689-91).

[4]This filing date gives petitioner the earliest possible filing date. It gives him the benefit of the "mailbox rule" based on the date petitioner signed his habeas corpus petition. (ECF No. 1, PageID.7).

[5]*See Houston v. Lack*, 487 U.S. 266, 270-72 (1988).

## Discussion

On April 29, 2013, the Michigan Supreme Court denied petitioner's application for leave to appeal. (ECF No.17-21, PageID.502). Although petitioner did not file a petition for writ of certiorari, the one year limitations period did not begin to run until the period in which petitioner could have sought review in the Supreme Court of the United States had expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012). Petitioner's ninety-day period would have expired on July 28, 2013. That date fell on a Sunday, however, so the last date on which petitioner could have sought review in the Supreme Court was Monday, July 29, 2013. *See Browder v. Stegall*, 20 F. App'x 256, 257 (6th Cir. 2001); *see also King v. Warden*, No. 15-14291, __ F. App'x __, 2016 WL 6647745, at *1 (11th Cir. Nov. 10, 2016); *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011). On July 29, 2013, petitioner's period for seeking direct review expired, *see* 28 U.S.C. § 2244(d)(1)(A), and the one-year statute of limitations period began to run the next day.

On August 5, 2013 – six days into the limitations period – petitioner filed his motion for relief from judgment. (ECF No. 16-3, PageID.154). The statute of limitations was tolled through September 29, 2014 (*see* ECF No. 16-4, PageID.159; ECF No. 17-23, PageID.670), while petitioner's application for post-conviction relief was pending in Michigan's courts. *See* 28 U.S.C. § 2244(d)(2).

Petitioner's reliance on his earlier federal habeas corpus petition (*see* ECF No. 18, PageID.681; ECF No. 18-1, PageID.689-91) is misplaced. Petitioner's filing of a federal habeas corpus action in 2014 had no impact on the running of the statute of

limitations. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001) ("We hold that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)."). Petitioner has not addressed nor carried his burden of establishing entitlement to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner pleaded no contest because the evidence of his guilt was overwhelming. He does not approach satisfying the rigorous standard for a showing of actual innocence under *Schlup v. Delo*, 513 U.S. 298 (1995). *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013).

Petitioner had 359 days left on the clock when the statute of limitations period resumed on September 30, 2014, one day after Michigan's highest court denied petitioner's application for leave to appeal. (ECF No. 17-23, PageID.670). The one-year limitations period expired on September 23, 2014. Petitioner filed his habeas petition on September 24, 2014, one day after the statute of limitations had expired. Accordingly, the Court finds that the habeas corpus petition is barred by the statute of limitations. 28 U.S.C. § 2244(d)(1)(A).

Alternatively, if this petition had not been dismissed because it is barred by the statute of limitations, it would have been denied because none of the grounds raised by petitioner provide a basis for federal habeas corpus relief.

Petitioner waived all the defects now claimed in Grounds I through IV when he entered his plea. *See Tolett v. Henderson*, 411 U.S. 258, 267 (1973); *see also United States v. Broce*, 488 U.S. 563, 570-74 (1989); *Post v. Bradshaw*, 621 F.3d 406, 426-27

(6th Cir. 2010); *Koresja v. Harry*, No. 14-11716, 2016 WL 4363009, at *6-7 (E.D. Mich. Aug. 16, 2016); *Render v. Warden, Southern Correctional Facility*, 889 F. Supp. 2d 1014, 1021 (S.D. Ohio 2014); *Brigham v. Smith*, No. 1:11-cv-1257, 2012 WL 895926, at *2 (W.D. Mich. Mar. 15, 2012). The proceedings against petitioner did not fall within any exception to the general rule. *See Broce*, 488 U.S. at 574-75.

Petitioner's claim that the absence of an arraignment somehow deprived the Muskegon County Circuit Court of "jurisdiction to convict" (*see* ECF No. 8, PageID.90) is not a basis for federal habeas corpus relief. Michigan's courts would not have upheld petitioner's conviction if they believed that a circuit court, Michigan's court of general jurisdiction,[6] lacked jurisdiction. The determination of whether a state court is vested with jurisdiction under state law over a criminal case is a function of the state courts, not the federal courts. *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976); *Nelson v. Jackson*, No. 2:16-cv-12260, 2016 WL 6441287, at *4 (E.D. Mich. Oct. 31, 2016).

It is well-settled that a purported violation of state law does not provide a basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68. "[A] state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review." *Strunk v. Martin*, 27 F. App'x 473, 475 (6th Cir. 2001); *see Stav v. Palmer*, No. 1:13-cv-1185, 2017 WL 512697, at *5 (W.D. Mich.

---

[6]*See Hieshetter v. Sayer*, No. 1:14-cv-176, 2014 WL 1875119, at *4 (W.D. Mich. May 8, 2014) (citing MICH. CONST. 1963, art. 6 § 13).

Feb. 8, 2017); *Milner v. Hoffner*, No. 16-10127, 2017 WL 24793, at *10 (E.D. Mich. Jan. 3, 2017). Petitioner's claim that the Muskegon County Circuit Court lacked jurisdiction raises a state law issue that does not provide a basis for federal habeas corpus relief.

## III. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.

This Court determined that petitioner's application is barred by the statute of limitations. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition as barred by the statute of limitations. Accordingly, the Court will deny Petitioner a certificate of appealability. A Judgment and Order consistent with this Memorandum Opinion will be entered.

## **Conclusion**

For the foregoing reasons, respondent's motion (ECF No. 16) will be granted and the habeas corpus petition will be dismissed with prejudice because it is barred by the statute of limitations.

Dated: June 12, 2017          /s/ Paul L. Maloney
                                                   Paul L. Maloney
                                                   United States District Judge